FILED & JUDGMENT ENTERED
Steven T. Salata

Mar  13  2013

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
Laura T. Beyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
WILKESBORO DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| WALLACE LEON LEWIS, JR. | ) Case No. 11-51536 |
| | ) |
| Debtor. | ) |
| _____ | ) |
| ROSS WAYLAND | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adversary Proceeding No. 12-05049 |
| | ) |
| WALLACE LEON LEWIS, JR. | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT

**THIS MATTER** came before the Court on March 8, 2013 (the "Hearing"), for hearing on the Motion to Dismiss Complaint [Doc. 7] (together with the memorandum of law filed therewith, the "Motion") filed by Wallace Leon Lewis, Jr. ("Defendant") on January 11, 2013. The Court has reviewed the Motion, the Court has considered the Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss [Doc. 11], filed on March 5, 2013 (the "Brief in Opposition"), the Defendant's Reply to Memorandum of Law in Opposition to Motion

1

{00273542.DOCX V. W203.019467;}

to Dismiss [Doc. 12], filed on March 7, 2013 (the "Reply Brief"), and the statements of counsel at the Hearing, and by entry of this Order the Court finds and concludes as follows:

1. The Court has jurisdiction over this matter and venue of this case and the Motion is proper in this Court.

2. Pursuant to Federal Rule of Bankruptcy Procedure 7012 and Local Rule of Civil Procedure 9013-2, the Motion, the Brief in Opposition, and the Reply Brief were filed and received by the opposing parties on a timely basis.

3. Federal Rule of Civil Procedure 8(a)(2) requires that every pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief …" Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008. To demonstrate entitlement to relief under Rule 8(a)(2), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Camp Flintlock, Inc. v. Stephenson, 2013 Bankr. LEXIS 603 at *8-*9 (No. 12-00228-8-JRL) (February 15, 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at *9 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). This requirement is supplemented by the provisions of Federal Rule of Civil Procedure 9(b), which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally". Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009.

4. The parties agree that Florida law governs the Plaintiff's fraud claim.

2

5.    As described by the Florida Supreme Court in *Butler v. Yusem*, there are four elements of a fraudulent misrepresentation claim: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation". 44 So. 3d 102, 105, 2010 Fla. LEXIS 1508, **8 (Fl. Sup. Ct. 2010).

6.    The elements for a cause of action under 11 U.S.C. § 523 are set forth therein.

7.    The Plaintiff has set forth enough facts, as to each claim, to state a claim to relief that is plausible on its face and that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged.

8.    The case law cited in the Motion, <u>In re Humphrey</u>, 146 B.R. 202 (Bankr. S.D. Ohio 1992), and <u>Rich v. Touche Ross & Co.</u>, 68 F.R.D. 243 (S.D.N.Y. 1975), is distinguishable from this case in that the Plaintiff has specifically identified the alleged fraudulent misrepresentations.

9.    In accordance with Federal Rule of Civil Procedure 9 and Federal Rule of Bankruptcy Procedure 7009, and unlike the cases cited in the Motion, the Plaintiff has stated the circumstances constituting fraud with sufficient particularity, largely through the allegations listed in Complaint paragraphs 10 – 36.

10.    Pursuant to Federal Rules of Bankruptcy Procedure 1019 and 4007, the bar date for filing complaints in connection with the denial of discharge and dischargeability in the Defendant's bankruptcy case was November 9, 2012.

11.    This action was commenced on November 9, 2012.

12.    The Plaintiff's claims as to Bankruptcy Code § 523 are timely.

3

{00273542.DOCX V. W203.019467;}

13. The parties agree that, under Florida law, the statute of limitations for bringing a cause of action for fraud is four (4) years.

14. The parties further agree that, under Florida law, the statute of limitations on a claim for fraud begins to run at the point in time when the fraud should have been discovered.

15. The fraudulent misrepresentations set forth in the Complaint occurred more than four (4) years prior to the filing of the Complaint; however, the Plaintiff had no cause to believe that fraud had occurred until after November 9, 2008.

16. The Plaintiff's fraud claim is timely.

**WHEREFORE**, in consideration of the foregoing findings of fact and conclusions of law, **IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss Complaint is **DENIED**.

| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order. | United States Bankruptcy Court |
|---|---|

{00273542.DOCX V. W203.019467;}