FILED
U.S. Bankruptcy Court
of NC

MAR 18 2013

Steven T. Salata, Clerk
Charlotte Division
RMS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTER DISTRICT OF NORTH CAROLINA
(Wilkesboro Division)

In re:

WALLACE LEON LEWIS, JR.                    Chapter 7

                                                                                 Case No. 11-51536

      Debtor.

_____/

ROSS WAYLAND

      Plaintiff,

v.                                                                 Adversary Proceeding No. 12-05049

WALLACE LEON LEWIS, JR.

      Defendant.

_____/

## DEFENDANT'S MOTION TO AMEND/VACATE *IN PART* THE ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT [DE 13]

DEFENDANT, WALLACE LEON LEWIS, JR., appearing Pro Se, moves to amend/vacate in part the Order Denying Defendant's Motion to Dismiss Complaint [DE 13] and states as follows:

1. This Court heard Defendant's Motion to Dismiss the Complaint on March 8, 2013.

2. Plaintiff's counsel prepared a proposed Order and provided it to undersigned for review.

3. Undersigned disagreed with a large portion of the proposed Order, which was overly broad and mischaracterized the rulings of the Court.

4. As such, undersigned provided handwritten changes to opposing counsel.

5. Opposing counsel rejected Defendant's proposed changes and submitted Plaintiff's proposed Order to the Court.

1

6. Plaintiff – through a "Note" in the CM/ECF filing system – indicated that Defendant did not agree with the proposed Order and noted Defendant's objections.

7. This Court entered Plaintiff's Order ("the Order"). [DE 13].

8. That Order contains mischaracterizations of the rulings made by this Court on March 8, 2013. It contains findings of fact, which cannot be made at the dismissal stage. It also includes premature conclusions of law, based on the premature findings of fact.

9. Defendant understands this Court's ruling – that the Motion to Dismiss be denied – but respectfully requests that the Order be vacated/amended in part.

10. More specifically, Defendant requests that the following paragraphs of the Order be deleted.

    - ¶ 15. **"The fraudulent misrepresentations set forth in the Complaint occurred more than four (4) years prior to the filing of the Complaint; however, the Plaintiff had no cause to believe that fraud had occurred until after November 9, 2008."**

    - ¶ 16. **"The Plaintiff's fraud claim is timely."**

11. Paragraphs 15 and 16 represent findings of fact and conclusions of law that cannot be made at the dismissal stage. And, in fact, were **not** made by this Court.

12. Simply because the Complaint alleges that Plaintiff had no cause to believe that the fraud had occurred until after November 9, 2008, does not make that an undisputed fact for which a finding can be made at this stage.

13. For example, discovery may reveal that Plaintiff should have discovered the alleged fraud in November of 2007. If that occurs, Plaintiff would simply rely upon the Order for the proposition that: as an undisputed factual determination by the Court via the Order, "Plaintiff had no cause to believe that the fraud had occurred until after November 9, 2008."

14. Quite simply, this Court did not make a determination that no factual dispute exists and that "Plaintiff had no cause to believe that the fraud had occurred until after November 9, 2008." This Court merely took the allegations in the Complaint as true in ruling on the Motion to Dismiss.

15. In that same vein, this Court did not, and could not, conclude as a matter of law that "Plaintiff's fraud claim is timely."

16. Statute of Limitations is a recognized affirmative defense. *Fed.R.Civ.P. 8(c)(1)*. There cannot be a conclusion– prior to discovery – that Plaintiff's claim is timely as a matter of law. Again, discovery may certainly reveal that the alleged fraud should have been discovered over 4 years prior to the initiation of this lawsuit. In that case, Plaintiff's fraud claim, as a matter of law, would **not** be timely.

WHEREFORE, DEFENDANT, WALLACE LEON LEWIS, JR., respectfully requests that this Honorable Court vacate/amend the Order Denying Defendant's Motion to Dismiss Complaint *in part* by striking paragraphs 15 and 16 from that Order, and enter other relief this Court deems necessary and just.

WALLACE LEON LEWIS, JR.

/s/ Wallace Leon Lewis, Jr.

535 NEW FARM ROAD
BANNER ELK, NC, 28604
WALLY3737@GMAIL.COM
828-963-5000

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof was mailed on __15TH__, __March__, 2013 to Melanie D. Johnson Raubach, 2020 Charlotte Plaza, 201 South College Street, Charlotte, North Carolina 28244-2020.

WALLACE LEON LEWIS, JR.

/s/ Wallace Leon Lewis, Jr.

535 NEW FARM ROAD
BANNER ELK, NC, 28604
WALLY3737@GMAIL.COM
828-963-5000

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Wilkesboro Division)

In re:

WALLACE LEON LEWIS, JR.                    Chapter 7

                                           CASE NO. 11-51536

Debtor.                                    Adversary No. 12-05049
_____/
ROSS WAYLAND

   Plaintiff,

v.

WALLACE LEON LEWIS, JR.

   Defendant.
_____/

## NOTICE OF HEARING

YOU WILL PLEASE TAKE NOTICE that the undersigned will call up for hearing, Defendant's Motion to Amend/Vacate In Part the Order Denying Defendant's Motion to Dismiss Complaint on **April 12, 2013 at 10:30 a.m.** at the US Bankruptcy Court Western District of North Carolina, 207 West Main Street, Second Floor, Wilkesboro, NC 28697. Attached is a copy of the Motion.

PLEASE GOVERN YOURSELF ACCORDINGLY.

WE HEREBY CERTIFY that a true copy of the foregoing was mailed March 15, 2013 to: Wallace Lewis, Jr., 535 New Farm Road, Banner Elk, NC 20604; Melanie D. Johnson Raubach, Esq., 2020 Charlotte Plaza, 201 South College Street, Charlotte, NC 28244-2020; Steven T. Salata, Clerk US Bankruptcy Court, 401 West Trade Street, Charlotte, NC 28202.

WALLACE LEON LEWIS, JR.
535 New Farn Road
Banner Elk, NC 28604
Wally3737@gmail.com
828-983-5000

By: _____
Wallace Leon Lewis, Jr.