FILED
U.S. Bankruptcy Court
of NC

OCT 17 2013

Steven T. Salata, Clerk
Charlotte Division
BJS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

(WILKESBORO DIVISION)

IN RE:
WALLACE LEON LEWIS, JR.                                CHAPTER 7

                                                       CASE NO. 11-51536
DEBTOR.
_____/

ROSS WAYLAND
PLAINTIFF,

                                                       ADVERSARY PROCEEDING NO. 12-05049

WALLACE LEON LEWIS, JR.
DEFENDANT
_____/

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER

DEFENDANT, WALLACE LEON LEWIS, JR., APPEARING PRO SE, MOVES FOR A PROTECTIVE ORDER AS TO THE SUBPOENA FOR DEFENDANT'S BANKING RECORDS AT WELLS FARGO BANK, AND STATES AS FOLLOWS:

1. PLAINTIFF'S Counsel seeks all of Defendant's financial records for his checking account No. *********1973 as well as a list of other accounts of any type from 2007 until terminated. See attached e-mail and Subpoena attached as Exhibit "A."

2. Defendant objects as the Subpoena is overbroad, unduly burdensome, harassing, not likely to lead to the discovery of admissible evidence and not limited in scope.

3. Plaintiff's Counsel has referred to Mr. Lee Bauman's testimony as "support" for the subpoena for all of Defendant's financial records from 2007 until terminated as stated above.

4. Mr. Bauman testified that for the month of September, 2007, that he was partially repaid by check on his loan to Defendant from account ending in 1973, which had a starting balance of $35.00 and during the middle of the month (on the 20th) prior to issuance of his check (on the 21st) a large wire transfer from Melon Bank was made enabling Defendant to partially pay back this paralegal who needed these funds to live.

5. Plaintiff seems to suggest that the repayment was made from monies loaned by the Plaintiff to the Defendant.

6. At least twice, Plaintiff's counsel asked Mr. Bauman if "the only way to see where the money went" is to look at Defendant's bank account. Mr. Bauman answered, "I guess so." These repeated questions to Mr. Bauman were used to support a subpoena to the bank in a backdoor attempt to retrieve **all** of Defendant's financial records.

7. Notably, the request seeks all records from 2007 to the present; it is not limited to the only potential relevant time of September of 2007.

8. Regardless, if there were any justification to verify Mr. Bauman's testimony, it could be done by looking at the first page of the summary of that monthly statement. Plaintiff's counsel has a copy of the actual check to see where the check fits time wise.

9. That statement shows that payment from Defendant to Mr. Bauman was not from any of Plaintiff's funds. It was a combination of $35.00 already in Defendant's account and a large transfer from Melon Bank. The large transfer from Melon Bank did not contain Plaintiff's monies.

10. Defendant requests that this Court enter a protective Order and quash the subpoena. In the alternative, Defendant request that this Court limit the requested documents (attached as Exhibit "A") to the subpoena be limited to September of 2007, the only relevant time period to repayment from Defendant to Mr. Baumann.

WHEREFORE, DEFENDANT, WALLACE LEON LEWIS, JR., respectfully requests that this Honorable Court grant Defendant's Motion for Protective Order and enter other relief this Court deems necessary and just.

WALLACE LEON LEWIS, JR.
/s/ Wallace Leon Lewis, Jr.

P.O. BOX 1716
BOONE, NC 28607
WALLY3737@GMAIL.COM
(305)-778-0337

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof was mailed on October 16, 2013 to Melanie D. Johnson Raubach, 2020 Charlotte Plaza, 201 South College Street, Charlotte, North Carolina 28244-2020; Lowell J. Kuvin, 17 East Flagler Street, Suite 223, Miami, Florida 33131; Steven T. Salata, Clerk US Bankruptcy Court, 401 West Trade Street, Charlotte, NC 28202.

WALLACE LEON LEWIS, JR.
P.O. Box 1716
Boone, NC 28607
Wally3737@gmail.com
(305)778-0337

By: _____
Wallace Leon Lewis, Jr.

3



Wally Lewis < wally3737@gmail.com>

## Wayland v. Lewis - Subpoena
1 message

**Lowell J. Kuvin** < lowell@kuvinlaw.com>  Fri, Oct 11, 2013 at 6:54 PM
To: Wally Lewis <wally3737@gmail.com>
Cc: "Raubach, Melanie J." <mraubach@lawhssm.com>, "Lowell J. Kuvin" <lowell@kuvinlaw.com>

Mr. Lewis,

Lee Bauman's testimony supports the attached subpoena for your bank account (ending in 1973) as well as the additional information requested in Exhibit A. My office will serve the subpoena as written on Tuesday unless you otherwise object and file a motion for a protective order.

Cordially,

Lowell J. Kuvin, Esq.

Attorney for Wayland


Lowell J. Kuvin

lowell@kuvinlaw.com

Law Office of Lowell J. Kuvin

17 East Flagler Street, Suite 223

Miami Florida 33131

Tele:   305.358.6800

Fax:   305.358.6808

http://www.kuvinlaw.com

*This e-mail and any Document(s) accompanying this transmittal contains information from the Law Office of Lowell J. Kuvin, LLC that is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or taking of any action in reliance upon the contents of this transmittal information is strictly prohibited and the document(s) should be returned to this firm*

*Exhibit A*

*immediately. If you have received this transmittal in error, please notify this firm immediately at (305) 358-6800, (888)KUVINLAW or by return e-mail.*

Any correspondence between a firm attorney and a prospective client is not to be construed as the engagement of any attorney at The Law Office of Lowell J. Kuvin for legal representation unless the representation is evidenced in a writing signed by both parties. The discussion of matters between a firm attorney and a prospective client for legal representation is protected by the client/attorney privilege as directed by the Rules Regulating The Florida Bar; 4-1.6.

**Subpoena Duces Tecum - Wells Fargo.pdf**
188K

B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

# UNITED STATES BANKRUPTCY COURT
## For the Western District of North Carolina
### Wilkesboro Division

In re Wallace Leon Lewis, JR.
    Debtor

Ross Wayland
    Plaintiff
V.
Wallace Leon Lewis, JR.
    Defendant

To: Wells Fargo Bank N.A
100 E Flagler St
Miami, Florida 33131

**SUBPOENA IN AN ADVERSARY PROCEEDING**

Case No. * 11-51536

Chapter 7

Adv. Proc. No. * 12-05049

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| N/A | N/A |
| | DATE AND TIME |
| | N/A |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| N/A | N/A |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE EXHIBIT A

| PLACE Law Office of Lowell J. Kuvin<br>17 East Flagler St, Suite 223<br>Miami, FL 33142 | DATE AND TIME<br>Friday October 25, 2013 at 12:00 P.M. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| N/A | N/A |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE August 30, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Lowell J. Kuvin, 17 East Flagler Street, Suite 223, Miami, Florida 33131 305.358.6800

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT "A"

1. Copies of baking records reflecting debits, credits, wire transfers in, wire transfers out, daily balance(s), service charges, and fees, for account No. 1679108391973, belonging to Wallace L. Lewis, Jr. for the years 2007 to the present or until termination of the account. The records shall include images of deposit slips as well as deposited and issued checks.

2. List of any accounts (savings, checking, IRA, loan, line of credit), by date and account numbers, for which Wallace L. Lewis was an owner, signatory, benefactor, or recipient for the years 2007 to present or until termination of the account.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

(WILKESBORO DIVISION)

FILED
U.S. Bankruptcy Court
of NC

OCT 17 2013

Steven T. Salata, Clerk
Charlotte Division
BJS

in re:
WALLACE LEON LEWIS, JR.

Chapter 7

CASE NO. 11-51536

Debtor.
_____/

ROSS WAYLAND
Plaintiff,

ADVERSARY PROCEEDING NO. 12-05049

WALLACE LEON LEWIS, JR.
Defendant
_____/

## NOTICE OF HEARING

YOU WILL PLEASE TAKE NOTICE that the undersigned will call up for hearing, Defendant's Motion for Protective Order on November __7__ 2013 AT 10:30 a.m. at the US Bankruptcy Court Western District of North Carolina, 207 West Main Street, Second Floor, Wilkesboro, NC 28697. Attached is a copy of the Motion.

PLEASE GOVERN YOURSELF ACCORDINGLY.

1

WALLACE LEON LEWIS, JR.

/s/ Wallace Leon Lewis, Jr.

P.O. BOX 1716
BOONE, NC 28607
WALLY3737@GMAIL.COM
(305)-778-0337

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof was mailed on October 16, 2013 to Melanie D. Johnson Raubach, 2020 Charlotte Plaza, 201 South College Street, Charlotte, North Carolina 28244-2020; Lowell J. Kuvin, 17 East Flagler Street, Suite 223, Miami, Florida 33131;Steven T. Salata, Clerk US Bankruptcy Court, 401 West Trade Street, Charlotte, NC 28202.

WALLACE LEON LEWIS, JR.
P.O.Box 1716
Boone, NC 28607
Wally3737@gmail.com
(305)778-0337

By: _____
Wallace Leon Lewis, Jr.

2